THE STATE, DEFENDANT IN ERROR, v. JAMES GOODMAN, PLAINTIFF IN ERROR.

Submitted July 3, 1918—Decided November 12, 1918.

On an indictment charging the keeping of a disorderly house, the specifications of the acts that constitute the house a disorderly one are necessary parts of the charge, and a conviction, based upon matters of disorder which are not included in the specifications will be set aside.

On error to Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Elmer W. Romine.*

For the state, *John M. Mills,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The count of the indictment upon which the plaintiff in error was convicted charged that he "unlawfully did keep and maintain a certain common ill-governed and disorderly house; and in the said house for his own lucre and gain, certain persons, as well men as women, of evil name and fame, and of dishonest conversation, then, and on the said other days and times, there unlawfully and wilfully did cause and procure to frequent and come together; and the same men and women in the said house of said James Goodman at unlawful times, as well in the

night as in the day, then, and on the said other days and times, there to be and remain drinking, tippling, fighting, quarreling, gambling, making a noise and misbehaving themselves, unlawfully and wilfully did permit, and yet does permit, to the great damage and common nuisance" &c., &c.

The premises referred to in this count of the indictment consist of a general store and restaurant in which the plaintiff in error carried on business. Among other proofs submitted on the part of the state was evidence showing that the defendant habitually violated the Vice and Immorality act by carrying on secular business (not within the exceptions of that statute) at his store on the Sabbath day; and the court charged the jury that if they should find the plaintiff in error conducted business on Sundays in the usual and ordinary way that he did on weekdays, they might convict him on this count of the indictment.

We think this instruction was erroneous. That it was injurious must be admitted, for it cannot be denied that the verdict of the jury may rest solely upon the testimony referred to, and the instruction of the court with relation thereto.

In the case of *Linden Park Blood Horse Association* v. *State,* 55 *N. J. L.* 557, the association, under an indictment charging it with keeping and maintaining a disorderly house, was convicted of the offence of keeping a common-gaming house. This offence was not among the specifications of misconduct that were alleged to have made the house of the association a disorderly one. The question considered by the court was whether, under such an indictment, the conviction was legitimate. The court said: "The crucial test of the inquiry obviously is whether the specifications of the acts that constitute the house a disorderly one are necessary parts of the charge. That they are such is demonstrably clear. * * * By the constitution of our state, no person can be held to answer for a criminal offence 'unless upon the presentment or indictment, of a grand jury,' and, in order to effectuate this provision, it is indispensable that the charge

preferred by that body should be sufficiently descriptive, so as to clearly show a specific crimination. * * * An indictment laying to the defendant the charge of keeping a disorderly house, by reason of it being kept as a bawdy-house, would not evince the purpose of the grand inquest to criminate him on the ground that his house was disorderly, from the circumstance that liquor was habitually sold in it, in violation of the law. Where, therefore, the grand jury has specified certain courses of criminal conduct as those that have rendered the defendant's house a common nuisance, and among such causes has omitted the practice of gambling, it is not perceived how it can be said that the criminal offence of keeping a public gaming house is founded, as the constitution requires, upon an accusation of the grand inquest."

The decision quoted from is that of the Court of Errors and Appeals. Later the same question was presented to this court for consideration and determination in the case of *State v. De Lorenzo,* 80 *N. J. L.* 500, and we there held (following the Linden Park case) that the defendant could not be convicted of the offence of keeping a disorderly house, upon proof that it was a bawdy-house, or that liquor was there sold without a license, unless these specific offences were mentioned in the recital of the various acts of misconduct set out in the indictment.

Under the rule laid down in the cited cases it is clear that the present conviction must be reversed, for it is, or, at least, may be, based upon matters of disorder which are not included in the specifications of the characteristics of the defendant's house in point of disorder which have been declared by the grand jury in its indictment.